# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

No. 10-561V

Filed: June 12, 2013

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| ROBERT and ROSA COX, as parents and, | * | **NOT TO BE PUBLISHED** |
| Legal representatives of their minor daughter, | * | |
| KAITLYN COX, | * | |
| | * | |
| Petitioner, | * | Special Master Zane |
| | * | |
| v. | * | Stipulation; hepatitis A ("Hep A") |
| | * | vaccine; varicella vaccine; |
| SECRETARY OF HEALTH | * | neurological abnormalities; seizures |
| AND HUMAN SERVICES, | * | and dystonia |
| | * | |
| Respondent. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Ramon Rodriguez, III,* Rawls, McNelis, and Mitchell, P.C., Richmond, VA, for Petitioner
*Ryan Pyles*, United States Dep't of Justice, Washington, DC, for Respondent

## UNPUBLISHED DECISION[1]

On June 11, 2013, the parties in the above-captioned case filed a Stipulation memorializing their agreement as to the appropriate amount of compensation in this case. Petitioners allege that their daughter suffered from neurological abnormalities, manifesting as seizures and dystonia, as a consequence of her receipt of the hepatitis A ("Hep A") and varicella vaccines, which are vaccines contained in the Vaccine Injury Table, 42 C.F.R § 100.3(a), and

---

[1] Because this decision contains a reasoned explanation for the Special Master's action in this case, the Special Master intends to post it on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 113 Stat. 2899, 2913 (Dec. 17, 2002). All decisions of the Special Master will be made available to the public unless they contain trade secret or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would clearly be an unwarranted invasion of privacy. When such a decision or designated substantive order is filed, a party has 14 days to identify and to move to redact such information before the document's disclosure. Absent a timely motion to redact, the decision will be made available to the public in its entirety. If the Special Master, upon review of a timely-filed motion, agrees that the identified material fits within the categories listed above, the Special Master shall redact such material from the decision made available to the public. 42 U.S.C. § 300aa-12(d)(4); Vaccine Rule 18(b).

1

which Petitioners' daughter received on or about August 30, 2007. Petitioners allege that their daughter experienced the residual effects of this injury for more than six months. Petitioners also represent that there have been no prior awards or settlement of a civil action for these damages. Petitioners seek compensation related to her injuries pursuant to the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34.

Respondent denies that the Hep A or varicella vaccines caused Petitioners' daughter to suffer from neurological abnormalities or any other injury and denies that Petitioners' daughter's current disabilities are sequelae of her alleged vaccine-related injury. Nonetheless, the parties have agreed informally to resolve this matter. Stipulation, Appendix A hereto.

The undersigned hereby ADOPTS the parties' said Stipulation, attached hereto as Appendix A, and awards compensation in the amount and on the terms set forth therein. Specifically, Petitioner is awarded:

> **a lump sum of $175,000.00, in the form of a check payable to petitioners as guardians/conservators of the estate of Kaitlyn Cox.** This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

The Court thanks the parties for their cooperative efforts in resolving this matter. In the absence of a motion for review filed pursuant to RCFC, Appendix B, the Clerk is directed to enter judgment accordingly.[2]

**IT IS SO ORDERED.**

s/Daria J. Zane
Daria J. Zane
Special Master

---

[2] This document constitutes a final "decision" in this case pursuant to 42 U.S.C. § 300aa-12(d)(3)(A). Unless a motion for review of this decision is filed within 30 days, the Clerk of the Court shall enter judgment in accordance with this decision. Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

ROBERT and ROSA COX, as parents and
legal representatives of their minor daughter,
KAITLYN COX,

               Petitioners,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

               Respondent.

No. 10-561V
Special Master Daria J. Zane
ECF

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of their daughter, Kaitlyn Cox (Kaitlyn), petitioners filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to Kaitlyn's receipt of the hepatitis A (Hep A) and varicella vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Kaitlyn received her immunizations on or about August 30, 2007.

3. The vaccines were administered within the United States.

4. Petitioners allege that Kaitlyn's immunizations, either singly or in combination, caused her to develop neurological abnormalities, manifesting as seizures and dystonia, and that she experienced residual effects of this injury for more than six months.

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on behalf of Kaitlyn as a result of her condition.

1

6. Respondent denies that the Hep A and/or varicella immunizations caused Kaitlyn's alleged neurological injury, and/or any other injuries.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $175,000.00 in the form of a check payable to petitioners as guardians/conservators of the estate of Kaitlyn Cox. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioners and their attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of Kaitlyn, as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as guardians/conservators of Kaitlyn's estate under the laws of the State of Alabama. No payment pursuant to the Stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointment as guardians/conservators of Kaitlyn's estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardians/conservators of the estate of Kaitlyn Cox at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of Kaitlyn Cox upon submission of written documentation of such appointment to the Secretary.

14. In return for the payment described in paragraph 8 and any amount awarded pursuant to paragraph 9, petitioners, in their individual capacities and as legal representatives of Kaitlyn, on behalf of themselves, Kaitlyn, and Kaitlyn's heirs, executors, administrators, successors and/or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes

3

of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Kaitlyn resulting from, or alleged to have resulted from, the vaccinations administered on or about August 30, 2007, as alleged by petitioners in a petition for vaccine compensation filed on or about August 19, 2010, in the United States Court of Federal Claims as petition No. 10-561V.

15. If Kaitlyn should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

4

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the Hep A and/or varicella vaccines, either singly or in combination, caused Kaitlyn's alleged neurological injury, and/or any other injury.

19. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as legal representatives of Kaitlyn Cox.

END OF STIPULATION

5

Respectfully submitted,

PETITIONERS:

_____
ROBERT COX

_____
ROSA COX

ATTORNEY OF RECORD FOR
PETITIONERS:

_____
RAMON RODRIGUEZ III, M.D.
RAWLS, McNELIS & MITCHELL
211 Rocketts Way, Ste. 100
Richmond, VA 23231
(804) 782-0608

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

_____
VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

_____
VITO CASERTA, M.D., M.P.H.
Acting Director, Division of
Vaccine Injury Compensation (DVIC);
Director, Countermeasures Injury
Compensation Program (CICP)
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

_____
RYAN D. PYLES
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-9847

Dated: June 11, 2013

6